### LUM HOY KEE v. JOHNSON, Immigration Com'r.

(District Court, D. Massachusetts. July 3, 1922.)

No. 2212.

1. Aliens ⊜⇒32(13)—Review of findings of immigration tribunals.

It is only in an extremely strong case that a court can hold a fact to have been so clearly established that the immigration tribunals acted unreasonably and arbitrarily in refusing to accept the proof.

2. Aliens ⊜⇒32(9)—Action of immigration tribunal in refusing to reopen case for explanation by witnesses held unfair and arbitrary.

Where counsel for an applicant for entry was not permitted to be present at the hearing, nor to see the evidence until after an adverse decision, refusal to reopen the case to permit witnesses to explain discrepancies in their testimony as to the exact location of a house in China *held* unfair and arbitrary.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition of Lum Hoy Kee against John P. Johnson, Commissioner of Immigration, for writ of habeas corpus. Writ granted.

Stanley A. Dearborn, of Boston, Mass., for petitioner.
The United States Attorney, for the United States.

MORTON, District Judge. [1, 2] Habeas corpus to the immigration commissioner at Boston. The petitioner, who is a Chinaman, claimed admittance to this country as the son of Lum Wey, an American citizen. The immigration tribunals held that the citizenship of the alleged father was established, but that the relationship was not. As I have recently suggested in the case of Soo Hoo Doo Hon, opinion dated June, 1922, it is only in an extremely strong case that a court can hold a fact to have been so clearly established that the immigration tribunals acted unreasonably and arbitrarily in refusing to accept the testimony. This case comes very close to the line. The testimony of the alleged father and two brothers of the applicant was, on all substantial points, consistent and apparently truthful. It was rejected because of certain discrepancies in the testimony as to the exact location of certain houses in the village in China in which the three witnesses and the applicant claim to have lived. These discrepancies in themselves appear to be slight and such as might easily arise from honest mistake or from differing methods of description. The case was heard in the usual way according to the department practice; i. e., the petitioner was not allowed representation by counsel at the hearings. It is not clear that he himself was present at all times when testimony was being taken. His counsel were not permitted to know what the evidence was until the case had been closed and an adverse decision reached. At that point, for the first time, the record was opened to counsel for the petitioner. It is customary for the department to reopen the case, if an applicant so requests, to hear additional evidence.

In this case a request was made to reopen it in order to permit the witnesses to explain their apparent discrepancies in describing the location of houses in the village in China. This application was refused upon the ground, in substance, that whatever the witnesses might say upon the matter would not, under the circumstances, be regarded as of sufficient weight to overcome the inferences which the board had drawn from their original testimony.

It is quite possible that discrepancies might be so serious and substantial that no testimony could explain them away. But I do not see how anybody could regard those relied on in this case as being of that character. Whether in numbering the lots a witness had counted the well lot and the cross lane is a matter on which nobody could be sure without asking him, which was not done on the first examination. It is now desired to have the witnesses asked on what basis they counted; and it is claimed by the petitioner that their testimony will show that they adopted different methods of numbering the lots, and that, making allowance for the difference in method, their testimony was harmonious instead of conflicting. It would certainly be strange if fabricated testimony could be brought into harmony by such a simple explanation. The fact, if it be a fact, would seem a strong indication that the witnesses were truthful.

·In shutting their minds against evidence of this character and refusing to hear it, it seems to me that the immigration tribunals did act arbitrarily and unfairly. As I have before observed, in cases tried in such a summary manner and under conditions so difficult for the applicant for admission as cases of this sort, a heavy burden is put upon the immigration tribunals to protect the rights of the applicant as well as those of the government. Under such circumstances, a refusal to hear testimony in explanation of inconsistencies or contradictions, which have never been called to the witnesses' attention and which there has never been any opportunity to explain, can only be justified upon a satisfactory showing that the additional evidence, whatever its character, could not possibly have changed the result before a fair tribunal. That is not shown in this case.

The petitioner has not, therefore, had a fair hearing; and the writ must issue. The petitioner's counsel has expressed a readiness to submit the additional testimony to the immigration tribunal. The issue of the writ will accordingly be delayed 20 days in order to permit them to reopen the case and hear this testimony if they so desire.

So ordered.